JONATHON M. WATSON (CA SBN 333845)
jmwatson@spencerfane.com
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: (303) 839-3800
Facsimile: (303) 839-3838

Attorneys for Defendants FOOD VENTURES
NORTH AMERICA, INC., d/b/a WILD FORK
FOODS, and PILGRIM'S PRIDE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD ALZARRAD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOOD VENTURES NORTH AMERICA, INC. DBA WILD FORK FOODS, a corporate entity form unknown; SWIFT VENTURES NORTH AMERICA INC., a corporate entity form unknown; JBS USA HOLDINGS, INC., a corporate entity form unknown; PILGRIMS PRIDE CORP., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:24-cv-02279<br><br>**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION**<br><br>(Removed from the Superior Court of the State of California, County of Orange, Case No. 30-2024-01411609-CU-WT-NJC) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Food Ventures North America, Inc., d/b/a Wild Fork Foods ("Wild Fork"), and Pilgrim's Pride Corporation ("Pilgrim's Pride"), referred to herein collectively as "Defendants," hereby remove the above-captioned state court action currently pending in the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. Removal of the action is proper for the reasons listed below:

1

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

## I.        PROCEDURAL BACKGROUND

1.        On July 11, 2024, Plaintiff Ahmad Alzarrad ("Plaintiff") filed this civil action in the Superior Court of California, County of Orange, captioned *Ahmad Alzarrad v. Food Ventures North America, Inc., DBA Wild Fork Foods*, *et al.*, Case No. 30-2024-01411609-CU-WT-NJC (the "State Court Action"). On September 27, 2024, Plaintiff served Defendant Pilgrim's Pride with the Complaint and Summons. Plaintiff served Defendant Wild Fork with the Complaint and Summons on October 9, 2024. True and correct copies of all process, pleadings, and orders that have been served on Defendants in this action are attached hereto collectively as **Exhibit A**.

2.        Plaintiff alleges he was employed by Defendants and other purported defendants as a store manager beginning in August 2021 and continuing until the termination of his employment on or about August 1, 2023. (Cmplt. ¶¶ 13, 18). Plaintiff asserts fourteen separate causes of action: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code §§12940 *et seq.;* (2) harassment in violation of FEHA; (3) failure to accommodate in violation of FEHA; (4) failure to engage in an interactive process in violation of FEHA; (5) race and national origin discrimination in violation of FEHA; (6) religious discrimination in violation of FEHA; (7) age discrimination in violation of FEHA; (8) failure to prevent discrimination in violation of FEHA; (9) retaliation in violation of FEHA; (10) wrongful termination in violation of public policy; (11) meal and rest break violations under the California Labor Code; (12) failure to pay overtime and wages under the California Labor Code; (13) failure to pay all compensation at the time of termination in violation of the California Labor Code; and (14) violating California's Business and Professions Code. (*See generally* Cmplt.).

3.        The Complaint names as a defendant "JBS USA Holdings, Inc.," which was incorporated in Delaware in 2004 and, while it existed, had its

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

principal place of business in Greeley, Colorado. Thus, while it existed, JBS USA Holdings, Inc. was a citizen of Delaware and Colorado. However, on December 23, 2015, JBS USA Holdings, Inc. was converted to JBS USA Holdings, LLC. That same day, JBS USA Holdings, LLC was converted to JBS USA Holding Lux S.a r.l., a Luxembourg Société à responsabilité limitée that has had no contacts with the United States generally or the State of California specifically. Thus, JBS USA Holdings, Inc. has not existed since December 23, 2015.

4.      The Complaint also names as a defendant "Swift Ventures North America Inc." ("Swift Ventures"), which was incorporated in Delaware and, while it existed, had its principal place of business in Greeley, Colorado. Thus, while it existed, Swift Ventures was a citizen of Delaware and Colorado. However, on December 29, 2017, Swift Ventures was converted to Defendant Food Ventures North America, Inc. Thus, Swift Ventures has not existed since December 29, 2017.

5.      A purported defendant that is a non-existent entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship. *See United Computer Sys., Inc. v. AMT Corp.,* 298 F.3d 756, 765 (9th Cir. 2002) ("nominal" defendants need not consent to removal); *Leloff v. Georgia-Pac. Consumer Prod., Ltd.,* 2016 WL 3457166, *2 (D. Or. June 23, 2016) ("[A] nonexistent entity . . . could not have been 'properly joined or served'" under 28 U.S.C. § 1446(b)(2)(A) and, therefore, need not consent to removal); *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 4506298, *2 (S.D. Ill. Nov. 26, 2009) (consent of non-existent entity not required for removal); *Gowdy v. Caliber Auto Transfer of St. Louis, Inc.,*  2009 WL 3584254, *1 (S.D. Ill. Oct. 27, 2009) (same); *Mullen v. Bobcat Co.,*  2008 WL 4147401, *1-3 (W.D.N.Y. Sept. 2, 2008) (same); *City of Cleveland v. Deutsche Bank Trust Co.,* 571 F.Supp.2d 807, 818-21 (N.D. Ohio 2008) (same); *Bernsten v. Balli Steel, PLC,* 2008 WL

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

862470, at *2-8 (E.D. Pa. Mar. 31, 2008) (same). Accordingly, the nonexistent defendants "JBS USA Holdings, Inc." and "Swift Ventures North America Inc." need not join in removal, and their citizenship need not be addressed herein.

6. Plaintiff's Complaint also names as defendants "Does 1 through 50," but to the knowledge of Defendants, no fictitious defendant has been served and, therefore, no other defendant must join in this removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summon[]ed can remove by themselves.").

7. On October 24, 2024, Defendants filed an Answer to Plaintiff's Complaint in the State Court Action. The Answer is attached hereto as **Exhibit B**.

8. This Notice is properly effected and timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days after Defendants were served with copies of the Summons and Complaint.

9. This action is properly removable to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1446(a) because the Superior Court of California, County of Orange, in which this case was brought, lies within this district.

10. Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of California, County of Orange, pursuant to 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

11. Notices of removal are subject to the same general pleading standards applicable to complaints under Rule 8(a) of the Federal Rules of Civil Procedure. Such notices need not attach evidence or meet a burden of proof, and there need only be a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 86-87 (2014) (quoting 28 U.S.C. § 1446(a)).

12. As discussed below, all requirements for removal based upon federal diversity jurisdiction are met in this matter.

**A.    There is complete diversity of citizenship.**

13. Plaintiff is a citizen of California, residing in Orange County, California.

14. Defendants Wild Fork and Pilgrim's Pride are now, and were at the time this action was commenced, citizens of States other than California within the meaning of 28 U.S.C. § 1332(c)(1). A corporation is deemed to be a citizen of every State where it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

15. Defendant Wild Fork is now, and was at the time this action was commenced, incorporated in the State of Delaware. Its principal place of business is now, and was at the time this action was commenced, in the State of Colorado. Specifically, Defendant Wild Fork has its headquarters and principal place of business in Greeley, Colorado. Accordingly, Defendant Wild Fork is a citizen of the States of Delaware and Colorado.

16. Defendant Pilgrim's Pride is now, and was at the time this action was commenced, incorporated in the State of Delaware. Its principal place of business is now, and was at the time this action was commenced, in the State of Colorado. Specifically, Defendant Pilgrim's Pride has its headquarters and principal place of business in Greeley, Colorado. Accordingly, Defendant Pilgrim's Pride is a citizen of the States of Delaware and Colorado.

17. Therefore, because Plaintiff is a citizen of California and Defendants Wild Fork and Pilgrim's Pride – the only defendants properly joined and served in this action – are citizens of Delaware and Colorado, complete diversity has

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

existed and continues to exist between Plaintiff and Defendants, both at the time the State Court Action was filed and at the time of removal to this Court.

**B.    The amount in controversy exceeds $75,000.**

18.    The amount placed in controversy by Plaintiff's claims exceeds the jurisdictional minimum of $75,000.

19.    Defendants can establish the amount in controversy by citing the allegations in the Complaint and setting forth facts that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). Economic damages, non-economic damages, punitive damages, and attorneys' fees may all be included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where such fees are potentially recoverable by statute). The Court may also examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id*.

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

20.     Plaintiff asserts claims for employment discrimination and retaliation, unpaid overtime and unpaid wages, as well as wrongful termination in violation of public policy, and seeks the following relief: damages for past and future lost wages, salary, and benefits; damages for emotional distress and anguish, humiliation, anxiety, and medical expenses; punitive damages; and attorney's fees and costs. (Cmplt. ¶¶ 33-34, 40-41, 50, 55-56, 63-64, 70-71, 78-79, 85-86, 95-96, 101, 119, 121, 130-131, 136, 142-144, 149-151, 159-160, and p. 32.)

21.     Plaintiff alleges in his Complaint that his damages for lost wages, salary, and benefits are a minimum of $300,000 and may be as much as $3,000,000. (Cmplt. ¶¶ 33, 50, 63, 78, 95, and p. 32.)

22.     Further, Plaintiff alleges that his employment was terminated on August 1, 2023. (Cmplt. ¶ 18.) Plaintiff alleges he earned annual wages of $120,000, plus bonuses. (*Id*. ¶ 13.) Thus, since Plaintiff's termination more than a year ago, Plaintiff has accrued more than $120,000 in alleged lost wages to date, with that amount growing as the case progresses. *See Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 415 (9th Cir. 2018) ("the amount in controversy is not limited to damages incurred prior to notice of removal," but rather "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious").

23.     Plaintiff also seeks emotional distress damages and punitive damages.  A defendant may introduce evidence of jury verdicts in other cases as evidence of a plaintiff's potential emotional distress damages. *Cain v. Hartford Life & Accident Ins. Co*., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *Mejia v. Parker Hannifin Corp*., 2018 WL 582325, *3 (C.D. Cal. Jan. 26, 2018). Such cases must be factually analogous, but they need not be identical. *See, e.g., Castillo v. ABM Indus., Inc*., 2017 WL 5609791, *3-4 (C.D. Cal. Nov. 20, 2017).

24.     Although Defendants dispute that Plaintiff is entitled to any such award, plaintiffs in employment discrimination and retaliation cases analogous to the disputed allegations in the current case have been awarded substantial sums

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION

for emotional distress. *See, e.g., Lave v. Charter Communications L.L.C.*, 35 Trials Digest 20th 2, 2017 WL 3712924 (Cal. Super.) (awarding $575,000 in emotional distress damages for, among other things, disability discrimination in violation of FEHA, wrongful termination in violation of public policy, failure to remedy and/or prevent discrimination and retaliation, failure to accommodate, and retaliation in violation FEHA); *Quiroz vs. Ralphs Grocery Company*, 35 Trials Digest 15th 13, 2012 WL 3745798 (Cal. Super.) (awarding the plaintiff $100,000 in emotional distress damages for disability discrimination, failure to provide reasonable accommodation, failure to engage in the interactive process, and wrongful termination); *Tapia v. San Gabriel Transit Inc.*, JVR No. 1607080047 (awarding $775,000 in emotional distress damages for disability discrimination, failure to provide a reasonable accommodation, and failure to engage in the interactive process, among other things); *Escoto v. Metric Machining*, JVR No. 1407300036 (awarding $55,000 in emotional distress damages for disability discrimination, failure to provide a reasonable accommodation, failure to engage in the interactive process, and wrongful termination in violation of public policy, among other things); *Kourounian v. Cal. Dep't of Tax and Fee Admin.*, JVR No. 1911260030, 2019 WL 6320930 (Cal. Super.) (jury verdict in Los Angeles County Superior Court in favor of plaintiff alleging retaliation in violation of FEHA and awarding plaintiff $358,368 in emotional distress damages). Based on the foregoing cases, Defendants estimate that Plaintiff's claims have placed in dispute at least $75,000 in emotional distress damages.

25.     The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Miller v. Michigan Millers Ins. Co.*, 1997 WL 136242, *4 (N.D. Cal. 1997) (Patel, J., presiding); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). Plaintiff brings claims pursuant to FEHA, and punitive damages are available under FEHA. Cal. Gov't Code § 12940. Accordingly, the

Court may consider punitive damages when determining the amount in controversy. Here, Plaintiff's Statement of Punitive Damages filed in the State Court Action alleges that Plaintiff is entitled to recover $1,100,000 in punitive damages against each named defendant.

26.     Further, juries in California have awarded substantial amounts in punitive damages for claims arising under FEHA.  *See, e.g.*, *Tapia v. San Gabriel Transit Inc.,* JVR No. 1607080047 (awarding $400,000 in punitive damages for disability discrimination, failure to provide a reason accommodation, failure to engage in the interactive process, among other claims); *Escoto v. Metric Machining,* JVR No. 1407300036 (awarding $75,000 in punitive damages for disability discrimination, failure to provide a reasonable accommodation, failure to engage in the interactive process, wrongful termination in violation of public policy, and other claims); *Wu v. World Journal, Inc.*, 6 Trials Digest 12th 12, 2007 WL 5987126 (Cal. Super.) (jury verdict awarding a total of $100,000 in punitive damages to plaintiff alleging employment discrimination and retaliation). Based on the foregoing, Plaintiff has placed in dispute at least $75,000 in punitive damages.

27.     In total, the amount in controversy in this action exceeds the jurisdictional threshold, even without taking into account Plaintiff's request for attorney's fees.

28.     Plaintiff does, however, seek an award of attorney's fees with respect to each cause of action in his Complaint. The Ninth Circuit has held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S*, 142 F.3d at 1156. Courts have interpreted *Galt* to allow a removing defendant to add to the amount in controversy a reasonable estimate of plaintiff's attorney's fees likely to be incurred through the resolution of the case. *See, e.g., Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("[A] reasonable estimate of fees likely to be incurred to

resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

29.   A reasonable estimate of the attorney's fees likely to be incurred by Plaintiff through trial easily exceeds $75,000 in this case, wherein Plaintiff asserts claims for alleged employment discrimination, retaliation, and wrongful termination.   Accordingly, the jurisdictional threshold is more likely than not exceeded based on attorney's fees alone.

## III.   CONCLUSION

30.   For the reasons stated above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, so this action is removable pursuant to 28 U.S.C. § 1441(b).

31.   By filing this Notice of Removal, Defendants do not waive and expressly reserve all rights, objections, and defenses in this case.

Dated:  October 25, 2024.                    SPENCER FANE LLP

By: */s/ Jonathan M. Watson*
Jonathon M. Watson

Attorneys for Defendants FOOD VENTURES NORTH AMERICA, INC., d/b/a WILD FORK FOODS, and PILGRIM'S PRIDE CORPORATION

NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION